UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GILBERT HERRERA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-366 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 12) to dismiss Petitioner Gilbert Herrera's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1). On May 11, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 16), recommending that Respondent's motion be granted and that a Certificate of Appealability be denied. This Court received Petitioner's timely-filed objections on July 13, 2015 (D.E. 20).[1]

Generally, Petitioner objects to the Magistrate Judge's determination that he failed to meet the standard under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) for showing that he is entitled to habeas corpus relief.[2] Specifically, Petitioner

---

[1] Petitioner's deadline to object was extended by court order (D.E. 18). He was then allowed to amend his objections. (D.E. 21, 22).

[2] Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

claims that the Magistrate Judge is "mistaken in alleging [Petitioner] has not met [the] *Strickland* requirements" (D.E. 20–1, p. 5) because she "overlooked the facts" supporting his ineffective assistance of counsel claim.[3] D.E. 20–1, p. 3. He also asserts the Magistrate Judge misapplied the law when evaluating his Fifth Amendment claim. Finally, Petitioner objects to the Magistrate Judge's analysis of his due process claim because it "attempt(s) to transfer the burden of proof of intoxication to [Petitioner]." D.E. 20–1, p. 7. Petitioner's objections are set out and discussed in further detail below.[4]

### a. Standard of Review Under AEDPA

As the Magistrate Judge noted, the standard of review when a state prisoner challenges his conviction in a federal habeas proceeding under AEDPA is very difficult to meet. D.E. 16, p. 6 (citing *Harrington v. Richter,* 562 U.S. 86, 102 (2011)). "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further." *Id.* (citation omitted). Moreover, there is a critical difference between an unreasonable

---

      (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

[3] The "*Strickland* requirements" refers to the two-prong test for ineffective assistance of counsel claims set out in *Strickland v. Washington*, 466 U.S. 668 (1984).

[4] Petitioner also provides a "clarification of misconstrued facts" regarding how many beers he consumed before the trooper pulled him over. D.E 20-1, p. 2. Given the other evidence presented at trial, and the fact that the statements to which he refers were recorded on the trooper's dashboard camera and subsequently played and discussed in front of the jury, this point is moot.

application of federal law and a merely "incorrect" or "erroneous" application of federal law, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* Further, as the Magistrate Judge discussed, both the state court's factual and implicit findings are presumed to be correct, and a petitioner must rebut these presumptions with clear and convincing evidence. *See Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

### b. Ineffective Assistance of Counsel

First, Petitioner objects to the Magistrate Judge's conclusion that he did not satisfy *Strickland's* two-prong test to prevail on an ineffective assistance of counsel claim. To meet the *Strickland* test, the petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceedings.[5] Failure to make the required showing of deficient performance *or* sufficient prejudice defeats the ineffectiveness claim; no further analysis of the other prong of the test is warranted.[6]

Judicial scrutiny of counsel's performance under the first prong of the test must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[7] Thus, the burden falls on the

---

[5] *Strickland* at 687.

[6] *Id.* at 697 (emphasis added).

[7] *Id.* at 689.

petitioner to overcome the presumption by identifying specific acts or omissions of counsel that are outside the wide range of professionally competent assistance.[8]

However, it is not enough for the petitioner to show deficiencies in his counsel's conduct, or even that the errors had some conceivable effect on the outcome of the proceeding. To satisfy the prejudice prong of *Strickland*, a petitioner must show that there is a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[9]

To this end, Petitioner here points to four instances where he alleges his counsel's conduct fell outside the range of professionally competent assistance: failure to fully investigate his case; failure to introduce exculpatory or mitigating evidence; failure to rebut the arresting trooper's testimony through an expert witness or vigorous cross-examination; and failure to file a motion to suppress Petitioner's statements and the digital recording from the trooper's dashboard camera during the traffic stop.[10] After a review of the record and the state habeas court's findings, the Magistrate Judge concluded that none of these "failures" amounted to conduct falling below an objective standard of reasonableness, nor was there evidence to show that counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[11]

---

[8] *Id.* at 690.

[9] *Id.* at 695.

[10] The failure to file a motion to suppress the recording from the traffic stop will be addressed below in Section c.

[11] *Strickland* at 686.

Petitioner's objections consist of reassertions of his original arguments, misapplications of the law, and an urging that this Court review those same arguments and come to a different conclusion than the Magistrate Judge.  Yet, having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 16), as well as Petitioner's objections, and all other relevant documents in the record, this Court finds no reason to do so.  The Magistrate Judge addressed all of the facts Petitioner's objections claim she overlooked— the overtime hours, the screws in his ankle, his obesity and glaucoma, his limited proficiency as an English speaker, the windy conditions, the rough road, and the District Attorney's order for mandatory blood tests— and surmised that, under applicable law, none of these facts would have changed the outcome of Petitioner's trial.  D.E. 16, p. 8–10.  Further, the Magistrate Judge correctly articulated the requirements to prevail on a complaint of uncalled witnesses in a federal habeas petition and applied the appropriate standard of review in coming to her conclusion that Petitioner did not meet the requirements.  D.E. 16, p. 11 (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).[12]  Consequently, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge regarding the Petitioner's ineffective assistance of counsel claim.

---

[12] *Day* recognizes that because presentation of evidence is a matter of trial strategy, to prevail, a petitioner must name the witness, demonstrate that the witness was available and willing to testify, set out the content of the proposed testimony, and show that it would have been favorable to a particular defense.

### c. Fifth Amendment Right Against Self-Incrimination Violation

Petitioner objects to the Magistrate Judge's finding that the state habeas court was correct in ruling Petitioner's Fifth Amendment right against self-incrimination was not violated. D.E. 20–1, p. 6. Specifically, Petitioner challenges the Magistrate Judge's determination that his *Miranda* rights[13] did not apply to the statements made during the traffic stop and argues that her conclusion is based on "inapplicable case law of the Fifth Circuit Court of [A]ppeals and not clearly established law of the U.S. Supreme Court . . . ." D.E. 20–1, p. 6. This objection is unsubstantiated, factually incorrect, and misunderstands the law. The case cited by the Magistrate Judge, *Berkemer v. McCarty,* 468 U.S. 420, 441 (1984), is a Supreme Court case nearly identical to this one in which the Court held that a traffic stop is "more analogous to a so-called 'Terry stop'… than to a formal arrest"[14] and, therefore, does not trigger the need for a *Miranda* warning. Accordingly, this Court **OVERRULES** Petitioner's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge regarding the Petitioner's Fifth Amendment right against self-incrimination claim.[15]

### d. Due Process Violation Based on Prosecutorial Misconduct

Next, Petitioner objects to the Magistrate Judge's opinion that he failed to show a due process violation based on the non-administering of a blood test or on alleged

---

[13] *See Miranda v. Arizona,* 348 U.S. 436 (1966).

[14] *Berkemer* at 439 (citing *Terry v. Ohio*, 392 U.S. 1, 88 (1968)).

[15] Because Petitioner's Fifth Amendment rights were not violated and Petitioner has offered no other grounds for suppression, Petitioner's claim that his counsel's failure to file a motion to suppress amounted to ineffective assistance of counsel is without merit.

prosecutorial misconduct. Petitioner contends the Magistrate Judge attempts to "transfer the burden of proof of intoxication to [Petitioner]" (D.E. 20–1, p. 7) by agreeing with the state habeas court's findings that there was no evidence of a *Brady* violation[16] and that Petitioner was estopped from complaining about the lack of blood alcohol concentration (BAC) results because he refused to take a breathalyzer test. *Id.* This objection rests on a misstatement of the facts and a misapplication of the law.

First, while the Petitioner is correct that it is the state's burden to prove guilt in a criminal case, he offers no reason to question the jury's finding that the state met its burden based on the evidence it presented. Under Texas law, a refusal to take a breathalyzer test may be presented in court as evidence of intoxication,[17] and doing so does not "shift" or alter the state's burden of proof. Petitioner's refusal to take a breathalyzer test, along with the results of the field sobriety tests, the officer's decision not to administer a blood test, and the lack of BAC results, are simply factors for the trier of fact to consider in determining guilt or innocence.

---

[16] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding it is a violation of due process for the prosecutor to withhold evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment).

[17] *See Bartlett v. State,* 270 S.W.3d 147, 149 (Tex. Crim. App. 2008) (Jury instruction provided, "The fact that such test was refused is not sufficient standing alone . . . but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of guilt or innocence. Whether or not the Defendant's refusal to take the test shows a consciousness of guilt, and the significance to be attached to his refusal, are matters for your determination."); *see also* **TEX. TRANSP. CODE ANN**. § 724.061 ("A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give the specimen, may be introduced into evidence at the person's trial.").

Second, Petitioner's objection misunderstands what must be demonstrated to show prosecutorial misconduct under *Brady*[18] and to maintain a cause of action for habeas corpus relief. Both *Brady* and AEDPA provide a high bar for a petitioner, and mere speculation is not enough to satisfy either of them.[19] As the Magistrate Judge noted, Petitioner can only speculate about what effect the information would have had on the jury. D.E. 16, p. 14.

For these reasons, this Court finds no error in the Magistrate Judge's analysis and conclusion regarding this due process claim. As such, this Court **OVERRULES** Petitioner's objection and **ADOPTS** the Magistrate Judge's findings and conclusions as its own.

### e. Due Process Violation Based on the Trooper's Testimony About Blood Alcohol Concentration

Petitioner's next objection challenges the Magistrate Judge's finding that Petitioner's due process rights were not violated when the jury was allowed to hear testimony regarding the statistical accuracy of the field sobriety tests. D.E. 16, p. 16. Although the substance of Petitioner's objection is unclear, he seems to argue that because he suffered from physical and medical disabilities that could affect the reliability

---

[18] To show a *Brady* violation, a petitioner must demonstrate that (1) the evidence at issue, whether exculpatory or impeaching, was favorable to the accused; (2) the evidence was suppressed by the State, either willfully or inadvertently; and (3) prejudice resulted from the suppression.

[19] *See U.S. v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992) (holding that conclusory allegations not supported in the record do not raise a constitutional issue); *see also Stoker v. Scott*, 101 F.3d 701 (5th Cir. 1996) (holding that in determining if prejudice resulted from the suppression of evidence, the issue is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence) (citing *Kyles v. Whitley,* 514 U.S. 419, 434 (1995)).

of the results of his field sobriety tests, the trooper should not have been permitted to testify about the results of Petitioner's tests or the studies showing a correlation between an individual's performance on the field sobriety tests and his BAC. This argument is without merit; Texas courts have found that field sobriety tests, when properly administered, are reliable under Rule 702,[20] and the record reveals the trooper was trained to administer the standardized sobriety tests. Further, Petitioner's physical and medical disabilities were brought to the jury's attention through the trooper's cross-examination and defense counsel's closing argument. The reliability of the sobriety tests and the credibility of the trooper's testimony are questions for the jury, and the state habeas court did not err in finding no error in allowing the trooper to testify about these matters. Thus, seeing no error in the Magistrate Judge's conclusion on this second due process claim, this Court **OVERRULES** Petitioner's objection and **ADOPTS** the Magistrate Judge's findings and conclusions as its own.

### f. Certificate of Appealability

Petitioner's last objection concerns the Magistrate Judge's recommendation that a request for a Certificate of Appealability be denied. D.E. 16, pp. 16–17. Petitioner offers only conclusory statements in support of his objection. Finding no error in the Magistrate Judge's recommendation to deny a request for a Certificate of Appealability, Petitioner's final objection is **OVERRULED.**

---

[20] *See Emerson v. State,* 880 S.W.2d 759, 768 (Tex. Crim. App. 1994) ("We also conclude that the technique employed in the HGN test, as designed and promoted by NHTSA, is reliable pursuant to Rule 702.").

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 16), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 12) is **GRANTED** and this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 14th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE